UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTHER MAYER,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br>　　　　　　　　　Defendant. | Civil Action No.: _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Esther Mayer ("Plaintiff") brings this action against defendants Portfolio Recovery Associates, LLC, ("Portfolio" or "Defendant") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

### NATURE OF THE ACTION

1.　This is an action to recover damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. Defendant has been furnishing inaccurate account information that was published on Plaintiff's Equifax credit report. On April 7, 2020, Plaintiff submitted a debt validation letter to Portfolio disputing the accuracy of the reporting and asking Portfolio to validate the details of the account.

2.　On February 12, 2020, Plaintiff submitted a written dispute letter to Equifax, disputing the accuracy of the reporting and asking Equifax to mark the account as disputed. Equifax notified Portfolio of Plaintiff's dispute.

3.　The FDPCA provides that once a debt collector received notice that a consumer disputes the details of an account, the debt collector is prohibited from re-reporting the account without marking the account as disputed. Nonetheless, Portfolio continued to communicate the

information without marking the account as disputed or otherwise updating the account as necessary. Portfolio's reporting was thus misleading as a matter of law.

4. Portfolio, after receiving notice of Plaintiff's dispute from Equifax, continued to communicate the information without marking the account as disputed or otherwise updating the account as necessary. Portfolio's reporting was thus misleading as a matter of law.

5. Plaintiff was later denied an extension of credit based on the misleading information communicated by Defendants and has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

**JURISDICTION AND VENUE**

6. The claims asserted in this complaint arise under 15 U.S.C. §1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

**PARTIES**

8. Plaintiff resides in the Westchester County, New York, and qualifies as a "consumer" as that term is defined under 15 U.S.C. §1692a. Plaintiff is an individual.

9. Portfolio is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another. Portfolio qualifies as a "debt collector" under the FDCPA.

information without marking the account as disputed or otherwise updating the account as necessary. Portfolio's reporting was thus misleading as a matter of law.

4. Portfolio, after receiving notice of Plaintiff's dispute from Equifax, continued to communicate the information without marking the account as disputed or otherwise updating the account as necessary. Portfolio's reporting was thus misleading as a matter of law.

5. Plaintiff was later denied an extension of credit based on the misleading information communicated by Defendants and has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

**JURISDICTION AND VENUE**

6. The claims asserted in this complaint arise under 15 U.S.C. §1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

**PARTIES**

8. Plaintiff resides in the Westchester County, New York, and qualifies as a "consumer" as that term is defined under 15 U.S.C. §1692a. Plaintiff is an individual.

9. Portfolio is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another. Portfolio qualifies as a "debt collector" under the FDCPA.

## SUBSTANTIVE ALLEGATIONS

10. The case involves Portfolio collection account that was reported on Plaintiff's Equifax credit report. The original creditor of the Portfolio account was Comenity Bank. The account was charged off and purportedly sold to Portfolio in October 2018.

11. On April 7, 2020, after Plaintiff learned that Convergent communicated inaccurate information about the Portfolio collection account, Plaintiff sent a debt validation letter directly to Portfolio disputing the accuracy of information on the account.

12. Under the FDCPA, the receipt of Plaintiff's debt validation letter required Portfolio to cease communicating information about the account without marking the account as disputed.

13. On February 12, 2020, Plaintiff also disputed the Portfolio account reporting by submitting a written dispute letter to Equifax's FCRA compliance department.

14. Under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*, upon receiving Plaintiff's dispute letter, Equifax was statutorily obligated to notify Portfolio of the dispute within five days.

15. Portfolio's receipt of notification of Plaintiff's dispute triggered Portfolio's statutory obligations to conduct an investigation, mark the account as disputed, and delete the disputed information from Plaintiff's account.

16. Nonetheless, Portfolio continued to communicate account information without marking the account as disputed.

17. Plaintiff was later denied the extension of further credit based on the inaccurate communications.

## CAUSES OF ACTION

### COUNT I

### Against Defendant for Violating 15 U.S.C. § 1692e

18.     Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

19.     15 U.S.C. §1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Subsection (8) of that provision specifically states that "the failure to communicate that a disputed debt is disputed" is a violation of this section, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.
>
> (emphasis added).

20.     Portfolio received a debt validation letter from Plaintiff stating that the information on the account was disputed.

21.     Further, upon information and belief, Portfolio was notified by Equifax that Portfolio's account information was disputed.

22.     Nonetheless, Portfolio continued to report the details of Plaintiff's accounts to the credit reporting agencies without marking the account as disputed.

23.     Plaintiff was later denied an extension of credit on the basis of the inaccurate reporting and has been forced to deal with the aggravation and humiliation of a poor credit score.

24.     Accordingly, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a)      awarding Plaintiff statutory money damages, actual damages and punitive damages;

b)      awarding attorney's fees and costs, and other relief; and

c)      awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: May 5, 2021                              **COHEN & MIZRAHI LLP**

                                                              */s/ Edward Y. Kroub*
                                                              EDWARD Y. KROUB

                                                              300 Cadman Plaza West, 12th Floor
                                                              Brooklyn, NY 11201
                                                              Telephone: 929/575-4175
                                                              929/575-4195 (fax)
                                                              ekroub@cmlattorneys.com

                                                              *Attorneys for Plaintiff*